UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANNETTE S. BERNHART, | ) | CASE NO. 5:12CV2367 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| -vs- | ) | |
| | ) | MEMORANDUM OF OPINION |
| COMMISSIONER | ) | AND ORDER |
| OF SOCIAL SECURITY | ) | |
| | ) | |
| Defendant. | ) | |

On March 18, 2013, Attorney Kirk Roose filed a motion for attorney fees for Plaintiff

Annette Bernhart under the Equal Access to Justice Act ("EAJA").  The Commissioner has

opposed the motion in part and Bernhart has replied in support.  The motion for attorney fees is

GRANTED IN PART AND DENIED IN PART as detailed herein.

## I.     INTRODUCTION

The Sixth Circuit has recently explained the history of EAJA as follows:

The EAJA, enacted in 1980, provides for an award of attorney fees to a party
prevailing against the United States in a civil action when the position taken by
the Government is not substantially justified and no special circumstances exist
warranting a denial of fees. 28 U.S.C. § 2412(d)(1)(A); *see also Perket v. Sec. of
H.H.S.*, 905 F.2d 129, 132 (6th Cir. 1990). The purpose of the statute is described
in its legislative history:

> The [EAJA] rests on the premise that certain individuals ... may be
> deterred from seeking review of ... unreasonable governmental
> action because of the expense involved in securing the vindication
> of their rights. The economic deterrents to contesting governmental
> action are magnified in these cases by the disparity between the
> resources and expertise of these individuals and their government.
> The purpose of the bill is to reduce the deterrents and disparity by
> entitling certain prevailing parties to recover an award of attorney

> fees, expert witness fees and other expenses against the United States, unless the Government action was substantially justified.

> H.R.Rep. No. 96-1418, at 5-6 (1980), *reprinted in* 1980 U.S.C.C.A.N. 4984, 4984. This statement indicates that Congress intended to make challenges to unreasonable government action more accessible for certain individuals by allowing them to recoup reasonable attorney fees and costs, should they prevail.

*Bryant v. Commissioner*, 578 F.3d 443, 445-46 (6th Cir. 2009).

The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *cf. Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161 (1990) ("[O]nce a private litigant has met the multiple conditions for eligibility for EAJA fees, the district court's task of determining what fee is reasonable is essentially the same as that described in *Hensley*." )  As such, this Court must excluded hours that were not "reasonable expended."  *Hensley*, 461 U.S. at 434.  Counsel, therefore, must make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary. *Id.*

Furthermore, under EAJA, the amount of attorney fees awarded:

> shall be based upon the prevailing market rates for the kind and quality of services furnished, except that ... attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A). In requesting an increase in the hourly-fee rate, Plaintiffs bear the burden of producing appropriate evidence to support any requested increase in the hourly rate. *See Blum v. Stenson*, 465 U.S. 886, 898 (1984) (considering attorney fees under § 1988, the Court stated, "[t]he burden of proving that such an adjustment is necessary to the determination of a reasonable fee is on the fee applicant"). Plaintiffs must "produce satisfactory evidence-in addition to the attorney's own affidavits-that the requested rates are in line with those prevailing

2

in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id*. at 895 n. 11.

## II.    LEGAL ANALYSIS

### A.    <u>Eligibility</u>

In the instant matter, the Government does not dispute that Plaintiff is eligible for an award of fees.  The Government filed its unopposed motion to remand this matter under sentence four of 42 U.S.C. § 405(g) on May 30, 2012.  Furthermore, as noted above, the Government stipulated to an award of EAJA fees.  As such, the Government has conceded that its position was not substantially justified.  Therefore, the Court will now proceed to review the reasonable of Plaintiff's fee request.

### B.    <u>Reasonable Number of Hours</u>

The fee application seeks an award of fees to Attorney Roose for 8 hours of time, including 4 hours devoted to the reply in support of this motion.  In addition, Plaintiff seeks fees for 1.3 hours of services performed by Attorney Jon Ressler, and 1.1. hours for services performed by Attorney Mary Meadows.  All three attorneys seek compensation at an hourly rate of $184.38.[1]  Finally, the application seeks $50 per hour for 1.9 hours of work performed by "appellate assistant" Diane Shriver.

### 1.   Shriver's activities

In evaluating the application for fees for Shriver, the Court is mindful of the following:

> Purely clerical or secretarial tasks, that is, non-legal work, should not be billed—even at a paralegal rate—regardless of who performs the work. *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n. 10 (1989). For example, dictation and typing are non-compensable, as they are part of the overhead of any law office. *See Wiegand v. Sullivan*, 900 F.2d 261 (Table), 1990 WL 51387, at *1 (6th Cir. 1990) (affirming the district court's reduction of fees). However, activities such as filing a complaint, filing service requests, and filing return-of-service forms are

---

[1] The Court will analyze below the proper hourly rate.

clerical tasks that may be considered sufficiently "legal work" to permit compensation, although any compensation would be at a lesser rate. *See Taylor v. Barnhart*, No. 00 c 7782, 2002 WL 31654944 at *4 (N.D.Ill. Nov.22, 2002). *But see Knudsen v. Barnhart*, 360 F.Supp.2d 963, 977 (N.D.Iowa 2004) (finding that retrieving documents, filing documents, serving summonses, and calendaring are non-compensable because they are properly considered overhead costs); *Barriger v. Bowen*, 673 F.Supp. 1167, 1170 (N.D.N.Y.1987) (finding that mailing two letters and serving the Assistant United States Attorney with a copy of a summons and complaint are non-compensable because they are properly considered overhead costs).

*Rodriguez v. Commissioner*, 2012 WL 2905928, at *3 (N.D.Ohio July 16, 2012).  In the instant matter, Shriver's activities included filing the complaint, faxing case information to the agency, mailing the consent form to the agency, calling the agency regarding the stipulation, conferring with counsel regarding the agency stipulation, and reviewing the joint motion for stipulation. The Court finds that these 1.9 hours are properly categorized as legal work.  Therefore, 1.9 hours Shriver's activities are compensable.  Neither party has presented argument about the proper hourly rate for Shriver.  Consistent with the undersigned's prior findings, the Court finds that $40 per hour is a reasonable rate for Shriver's activities.  As such, an award of $76 for her time is appropriate.

### 2. Attorney Ressler's Activities

The Commissioner has not challenged in any manner the 1.3 hours claimed by Attorney Ressler.  The Court's review finds that these hours were properly submitted and are properly compensable under EAJA

### 3. Attorney Meadows Activities

The Commissioner challenges the entirety of the 1.1 hours claimed by Attorney Meadows, asserting that any work performed by her was redundant.  The reply makes clear that Attorney Meadows and Attorney Ressler handled different aspects of the administrative process.  Accordingly, it is reasonable that the two would be required to work together to ascertain those

issues that would be proper to present in an appeal to this Court.  As such, the Court declines to find Attorney Meadows work to be redundant or unnecessary.  Her 1.1 hours are properly compensable under EAJA.

### 4. Attorney Roose's Activities

Attorney Roose seeks compensation for 8 hours of time.   The Commissioner challenges time spent by Roose reviewing the electronic notifications received from the Court.  This Court has previously found that reviewing these types of notices fall into non-compensable overhead. The Court maintains that view herein.   Furthermore, the Court would once again caution Attorney Roose for overstating the actual time devoted to these activities.  For example, Attorney Roose claims a total of 30 minutes to review email notices regarding the completion of service and the assignment of a judge and magistrate judge to this matter.   It certainly gives the appearance that tasks that would require roughly thirty seconds were billed out for six minutes. This serves as an additional basis not to compensate Attorney Roose for this time.

The Court, however, finds no merit in the Commissioner's challenge to Attorney Roose's hours related to negotiating the remand language and preparing the EAJA application.  Attorney Roose acted reasonably in seeking a Sentence Six remand *prior* to the Commissioner filing an answer.  The fact that a Sentence Four remand was ultimately negotiated does not make his prior actions unnecessary.  Instead, they demonstrate an effort to benefit his client in the fullest way possible.

Additionally, the 1.9 hours spent preparing the EAJA applications falls in line with the hours routinely approved by the undersigned and colleagues on this Court.  As such, the Court declines to reduce this amount.

Finally, Attorney Roose seeks 4 hours for the time spent on his reply brief.  The Court finds that 3.5 hours of this time is reasonable.  A bulk of the reply addresses the specific objections raised by the Commissioner.  However, it also includes information about the claimant that is irrelevant to the EAJA fees application as well as argument about the EAJA hourly rate despite knowledge that the undersigned has previously resolved that same argument against Attorney Roose.  As the arguments that properly respond to the Commissioner's objections form a majority of the reply brief, 3.5 hours are properly compensable.  As such, Attorney Roose is properly compensated for 6.4 hours.

### C.  Hourly Rate

The undersigned has consistently invoked his discretion to decline to increase the $125 per hour base award under EAJA.  *See English v. Commissioner*, Case No. 1:11CV2794 (N.D.Ohio); *DeNunez v. Commissioner*, Case No. 1:11CV2285 (N.D.Ohio); *see also Jones v. Commissioner*, 1:10CV2568 (N.D.Ohio); *Keyes v. Commissioner*, 1:11CV312 (N.D.Ohio). Moreover, the Court's recent decisions considered the same arguments and evidence as presented herein.  Accordingly, the Court finds no reason to revisit those issues and adheres to it prior views.  The attorney hours herein will be compensable at $125 per hour.

### D.  Copies

Similar to the above, the Court has previously found that copies made were properly found to be non-compensable overhead costs and that twenty-five cents per copy was excessive. The Court maintains this view and declines to award those costs and/or expenses herein.

## III.    CONCLUSION

Plaintiff's motion for EAJA fees is GRANTED IN PART AND DENIED IN PART. Appellate assistance Shriver's 1.9 hours at $40 results in $76.  The Court finds that 8.8 hours of

6

attorney time is compensable at $125 per hour for a total of $1,100.  Accordingly, the motion is GRANTED IN PART and the total award of fees is $1,176.00.  Consistent with Plaintiff's request, the amount shall be made in Plaintiff's name so that any pre-existing debt to the Government may be offset before any amount is assigned to counsel.

IT IS SO ORDERED.


Dated: <u>July 23, 2013</u>                              <u>*/s/ John R. Adams*</u>
                                                        JOHN R. ADAMS
                                                        UNITED STATES DISTRICT JUDGE